# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COX ENTERPRISES, INC., et al., <br><br> Defendants. | No. MC 15-189-JAK (PLAx) <br><br> **ORDER DENYING EX PARTE APPLICATION TO QUASH SUBPOENA AND FOR PROTECTIVE ORDER** |

In this action originating in the United States District Court for the Eastern District of Virginia, defendant CoxCom LLC ("defendant") has subpoenaed non-party Robert Steele ("Steele") to appear for his deposition in Los Angeles on June 11, 2015. Steele has now filed an ex parte application to quash the notice of deposition, and for a protective order that would require defendant to conduct Steele's deposition in his individual capacity and as a Rule 30(b)(6) corporate designee for non-party Rightscorp *on the same day*.

Steele contends that good cause exists to quash the subpoena and to issue the requested protective order since Rightscorp -- of which Steele is one of only two members of its management team -- is a small company that nevertheless has already produced significant documents and its source code in response to defendant's many production requests via subpoena; that the other manager, Christopher Sabec, has also been subpoenaed by defendant for his individual

deposition[1]; that defendant has indicated that it intends to issue another subpoena for the corporate deposition of Rightscorp at a later date and *after* the depositions of Steele and Sabec, even though Steele and Sabec would be Rightscorp's designees; and that defendant should depose Steele and Sabec only once, in both their individual and corporate capacities, so as to minimize the burden on this small company and the individuals being deposed. They argue that requiring Steele and Sabec to sit twice, on non-consecutive days, amounts to harassment, and no reason exists why defendant cannot depose Rightscorp now, as documents and source code have already been provided to defendant.

Defendant counters that Rightscorp plays the central role in this case and it needs the deposition of Mr. Steele regarding technical issues relevant to the preparation of expert reports due June 19, 2015; that Rightscorp has not produced parts of its source code and other materials and the Steele deposition is needed to determine what discovery has not been produced; and it should be permitted to sequence its depositions as it sees fit and it is not yet in a position to identify its Rule 30(b)(6) deposition topics for Rightscorp.

In cases involving discovery from third parties, Rules 26 and 45 of the Federal Rules of Civil Procedure control. Exxon Shipping Co. v. U.S. Department of Interior, 34 F.3d 774, 779 (9th Cir. 1994). Under Rule 26(c), a court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the subject disclosure or discovery. The party seeking to limit discovery has the burden of establishing grounds for the issuance of a protective order. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). Further, a court can quash a Rule 45 subpoena if it subjects a person to undue burden. Fed.R.Civ.P. 45(d)(3)(A)(iv). In reaching its conclusion set forth herein, the Court has balanced the relevance of the discovery sought, the requesting party's need, the non-party's reasons for seeking the protective order, and the potential burden to the individual subject to the subpoena. There is no objection raised that the information sought is not relevant to this action. Rather, Steele contends that the burden of having to sit through two non-

---

[1] Sabec was ordered to appear for his deposition in San Francisco, so a motion to quash the subpoena directed at him is being filed in the Northern District of California.

consecutive days of depositions is overly burdensome, and that this burden should outweigh defendant's control of its discovery process. The Court disagrees. Defendants should not be prevented from taking Steele's deposition in his individual capacity, and then, based on his answers and the information provided through discovery from Rightscorp and others, formulate its topics for Rightscorp's Rule 30(b)(6) deposition at a later date within the discovery period. While sitting for any deposition is a burden, Steele has not shown that appearing for his deposition now, and potentially appearing at a later date *if* he is designated as Rightscorp's Rule 30(b)(6) deponent would not pose an *undue* burden.

Accordingly, the ex parte application (Docket No. 1) is **denied**, and the deposition of Robert Steele shall occur on **June 11, 2015**, as originally scheduled.

**IT IS SO ORDERED**.

DATED: June 10, 2015

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE